UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL GALATEANU, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-602-JTM-JEM |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Michael Galateanu, a prisoner without a lawyer, filed an amended habeas petition challenging the disciplinary decision (WCC-24-4-1844) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of unauthorized possession of property in violation of Indiana Department of Correction Offense 215. Following a hearing, he was sanctioned with a loss of 90 days earned credit time and a demotion in credit class.

In the amended petition, Galateanu argues that he is entitled to habeas relief because the hearing officer did not consider his witness statements and because correctional staff did not follow departmental policy when they did not test the contraband, did not issue a confiscation slip, did not establish chain of custody, did not hold the hearing in a timely manner, and did not sign the conduct report. (DE # 3.) In response, the Warden argues that Galateanu cannot proceed on his habeas petition because he did not properly exhaust his administrative remedies. (DE # 11.) Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in

federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Under the applicable departmental policy, inmates may appeal disciplinary decisions to the Warden or a facility designee. (DE # 11-10 at 55-57.) If inmates are not satisfied with the results of the first appeal, they may submit a second appeal to the Appeal Review Officer designated the by department commissioner. *Id.* According to the affidavit of an Appeal Review Officer, the electronic database maintained by the Indiana Department of Correction reflects that Galateanu did not submit any administrative appeal in connection with the disciplinary decision that is the subject of this case. (DE # 11-9.)

Galateanu replies that he submitted timely appeals at the facility and departmental levels but never received responses, and he attached a copy of the facility-level appeal to his petition. (DE # 3-1 at 5-16; DE # 12.) This showing suggests that Galateanu might have a valid cause-and-prejudice excuse for failing to exhaust administrative remedies with respect to some of his claims. *See Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008) ("A defendant may overcome procedural default by showing both cause for failing to abide by the state procedural rules, and a resulting prejudice from that failure."). However, the facility-level appeal omits the claim that the hearing officer did not consider his witness statements, indicating that he did not try to

2

properly exhaust administrative remedies with respect to this claim, so the court cannot find cause-and-prejudice excuses its procedural default.

Galateanu also replies that the court should excuse procedural default on the basis of actual innocence. To excuse procedural default based on an assertion of actual innocence, the petitioner must show that it is more likely than not that in light of new evidence no reasonable decision maker could have found him guilty when considering all the evidence, including that which was wrongly excluded. *House v. Bell*, 547 U.S. 518, 536–38 (2006); *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995). For his assertion of actual innocence, Galateanu maintains that he was found guilty of possessing suboxone but was told at screening that he was charged with possessing tobacco-related contraband.

Notably, inadequate notice of the charges is not a proper basis for an assertion of actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."). Further, the administrative record indicates that Galateanu was charged with the offense unauthorized possession of property, which the conduct report described as "a clear bag with brown [leafy] substance" and "6 class A cigarettes butts," and that the hearing officer found him guilty on the charged offense. (DE # 11-1; DE # 11-8.) To Galateanu's point, the administrative record contains a statement from an internal investigator finding that the contraband contained suboxone (DE # 11-5), but the mere presence of that evidence in the administrative record does not demonstrate that the hearing officer found him guilty of uncharged allegations or offenses. Nevertheless, the court will consider all the claims in the habeas petition for the sake of completeness.

3

Galateanu argues that he is entitled to habeas relief because the hearing officer did not consider his witness statements from Inmate Layton and statements from other individuals regarding retaliation by Sergeant Spates, who issued the conduct report. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

The administrative record includes a statement from Inmate Layton representing that he threw cigarettes and tobacco at Galateanu as correctional staff approached him. (DE # 11-6.) Its presence in the administrative record indicates that the hearing officer considered it but that she did not find it to be persuasive. Galateanu offers no specific explanation as to why he believes that the hearing officer did not consider it.

No statements from other individuals relating to retaliation by Sergeant Spates are in the administrative record. However, Galateanu does not suggest that he made any attempt to present such statements at the hearing or that correctional staff prevented him from doing so. Additionally, the court has reviewed the various documents attached to the amended petition,[1] which broadly relate to Galateanu's good reputation. (DE # 3-1 at 19-29.) Galateanu's reputation is not materially relevant to

---

[1] The court understands this claim as referencing the exhibits attached to the amended petition.

whether he committed the charged offense. *See* Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). Only one document specifically mentions Sergeant Spates: a letter from Brian Johnson describing Sergeant Spates as disruptive to the Narcotics Anonymous meetings and accusing him of "unfairly disciplin[ing] [Galateanu] in retaliation for [Galateanu] trying to help offenders attend class." (DE # 3-1 at 21.) Significantly, this letter stops short of accusing Sergeant Spates of fabricating the conduct report at issue in this case. Further, it was the hearing officer, not Sergeant Spates, who imposed disciplinary sanctions on Galateanu, and whether an individual has been disciplined fairly or unfairly is a matter of subjective debate. Moreover, Sergeant Spates' credibility was not a material issue at the hearing given that the conduct report was entirely consistent with Galateanu's narrative that he possessed the contraband only because another inmate threw it at him. Consequently, any failure to consider these documents amounted to, at most, harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). Therefore, the claims that the hearing officer did not consider witness statements is not a basis for habeas relief.

      Galateanu argues that he is entitled to habeas relief because correctional staff did not follow departmental policy when they did not test the contraband, did not issue a confiscation slip, did not establish chain of custody, did not hold the hearing in a timely manner, and did not sign the conduct report. However, none of these concerns

5

implicate the requirements for procedural due process in prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, the claim that correctional staff violated departmental policy is not a basis for habeas relief.

Galateanu also asserts additional claims for habeas relief in the traverse, including lack of an impartial hearing officer, lack of a written explanation of the disciplinary decision, and retaliatory motive. Raising additional claims in this manner was improper. *See* Rule 2(c)(1) of the Rules Governing Section 2254 Cases ("The petition must specify all the grounds for relief available to the petitioner."); *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997) ("[A] traverse is not the proper pleading to raise additional grounds."). Consequently, the court declines to further consider these claims.

<u>Pending Motions</u>

Galateanu filed a motion for leave to amend the petition. (DE # 13.) At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the

6

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

The court denies leave to amend the petition because allowing Galateanu to proceed on the proposed additional claims would be futile. Specifically, in proposed amended petition, Galateanu argues that correctional staff failed to adequately notify him that he was charged with possessing suboxone. However, the court would have denied this claim because, as set forth above, the record does not demonstrate that Galateanu was either charged or found guilty of possessing suboxone. He also argues that he did not receive notice of the charges at least 24 hours in advance of the disciplinary hearing, but the administrative record indicates that he received notice of the charges on August 8, 2024, and that the hearing occurred several weeks later on September 3, 2024. (DE # 11-7; DE # 11-8.)

In the proposed amended petition, Galateanu further argues that he was unable to call witnesses and present evidence. It is unclear whether this claim is duplicative of the claim in the original petition that the hearing officer did not consider witness statements. To the extent that this claim is not duplicative, it is too vague to warrant habeas relief because Galateanu does not identify any other witnesses or evidence that he was not allowed to present. Therefore, the court denies the motion to amend.

Galateanu also filed a request to appoint counsel. (DE # 14.) The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus

7

case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). After thoroughly reviewing the record, the court finds no substantial basis for finding that Galateanu would have a reasonable chance of obtaining habeas relief in connection with this prison disciplinary hearing even with assistance of counsel. Therefore, the request for counsel is denied.

Finally, Galateanu filed a motion for the Warden to produce "his disciplinary file, employment history, all conduct reports, all emails, notes, and other internal communication which mention, reference, directly or indirectly, the petitioner." (DE # 15-1 at 4.) He explains that he needs this discovery to show that:

> The respondent has engaged in a pattern of abuse and retaliation against the petitioner and will demonstrate that the petitioner's due process rights were violated by allowing him to be subjected to arbitrary actions and arbitrary discipline actions/decisions grounded in retaliatory acts and fraudulent conduct as well as other due process violations.

(DE # 15 at 2.) "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 Cases provides that "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

Here, the scope of the discovery request is sweeping, and it is unclear how any of the requested documents are specifically and materially relevant to resolving Galateanu's habeas claims. "Prisoners are entitled to be free from arbitrary actions of

8

prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Discovery is not ordinarily required to adjudicate habeas claims, and Galateanu offers no explanation as to why this case presents an exception. Moreover, "retaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001). Consequently, the court finds that Galateanu has not demonstrated good cause to conduct discovery and denies the motion for discovery.

* * *

Because Galateanu has not asserted a valid claim for habeas relief, the habeas petition is denied. If Galateanu wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the motion to amend (DE # 13);

(2) DENIES the request for counsel (DE # 14);

(3) DENIES the motion for discovery (DE # 15);

(4) DENIES the amended habeas corpus petition (DE # 3);

(5) DIRECTS the clerk to enter judgment and close this case; and

(6) DENIES Michael Galateanu leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

Date: December 16, 2025

                                            s/James T. Moody  
                                            JUDGE JAMES T. MOODY  
                                            UNITED STATES DISTRICT COURT